**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**DANIEL L. HALE,**

    **Plaintiff,**

v.                                                        **Case No: 5:12-CV-395-Oc-34PRL**

**MEMBERS OF THE HOUSE &
SENATE OF THE UNITED STATES OF
AMERICA, who, as evidenced by
signature and/or verbal affirmation,
have pledged allegiance to Grover
Norquist and/or Americans for Tax
Reform,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION[1]**

Pending before the Court is Plaintiff's Affidavit of Indigency (Doc. 2) which the Court construes as a Motion to Proceed *In Forma Pauperis* and Plaintiff's Complaint (Doc. 1.) For the reasons discussed below, the Court respectfully recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and Plaintiff's Complaint (Doc. 1) should be **DISMISSED** with prejudice.

**I. BACKGROUND[2]**

Plaintiff alleges that certain unnamed members of the United States Senate and House of Representatives took their oath of office but also pledged their allegiance to Grover Norquist and/or Americans for Tax Reform. Plaintiff alleges that by doing so, the

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] These background "facts" are taken from Plaintiff's Complaint. (Doc. 1.)

members had engaged in perjury and treason. Plaintiff asks the Court to "enjoin said members from conducting any further business as it relates to the offices they now hold; to vacate any and all business conducted by said members since entering office for the now established term, and to prevent said members from standing for re-election until all matters of this Complaint are resolved."

## II. DISCUSSION

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether his claims have merit or whether the Complaint should be dismissed on some other ground. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief. *Tigner v. Internal Revenue Service*, No.:1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000). Here, even viewing the Complaint in the light most favorable to Plaintiff, the Court concludes that the action is due to be dismissed because Plaintiff's claims against Defendants for perjury and treason lack an

arguable basis in law.  Since an amendment would be futile under these circumstances, Plaintiff's Complaint should be dismissed with prejudice.

Without citing to any specific statutes, Plaintiff attempts to state claims for perjury and treason. Perjury and treason, however, are both criminal actions which do not provide Plaintiff a private right of action.  *See e.g., Wedel v. Centera Bank*, No. 10-1069-CM, 2010 WL 2949973, *5 (D.Kan. July 22, 2010); *Nicole Energy Services, Inc. v. McClatchey*, No. 2:08-cv-463, 2010 WL 55718, *5 (S.D. Ohio, January 4, 2010).

Even if there was a private cause of action, the facts alleged by Plaintiff cannot support a claim for either perjury or treason.  Perjury is defined as when an individual knowingly testifies falsely, under oath, about a matter material to the case.  *See id.*; *United States v. Dunnigan*, 507 U.S. 87, 93, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)(perjury requires "testifying untruthfully or suborning untruthful testimony concerning a material fact . . . during a preliminary or grand jury proceeding, trial, sentencing proceeding, or any other judicial proceeding). Likewise, treason is defined as "[t]he offense of attempting by overt acts to overthrow the government of the state to which the offender owes allegiance; or of betraying the state into the hands of a foreign power." *United States v. Helmich*, 521 F.Supp. 1246, 1250 & n.4 (M.D. Fla. 1981).

Finally, the members of the U.S. Senate and House of Representatives have absolute legislative immunity from suits seeking damages, injunctions, and declaratory judgments for all conduct falling within the "sphere of legitimate legislative activity." *Salomone v. U.S.*, 2009 W.L. 2957279, *5 (N.D. Ga. Sept. 15, 2009)(quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975)).

Thus, even if Plaintiff could state a private cause of action against defendants for perjury or treason, such action would be barred by legislative immunity.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**, that Plaintiff's Complaint (Doc. 1) be **DISMISSED** with prejudice and the Clerk be directed to close the file and terminate all other pending motions in this matter.

**DONE AND ENTERED** in Ocala, Florida on October 5, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:
The Honorable Marcia Morales Howard
United States District Judge
Pro se plaintiff