**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DANIEL L. HALE,

                              Plaintiff,

-vs-                                             Case No.: 5:12-cv-395-Oc-34PRL

MEMBERS OF THE HOUSE & SENATE
OF THE UNITED STATES OF AMERICA,
who, as evidenced by signature and/or
verbal affirmation, have pledged allegiance
to Grover Norquist and/or Americans for
Tax Reform,

                              Defendants.

_____

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 5;

Report), entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on

October 5, 2012.  In the Report, Magistrate Judge Lammens recommends that Plaintiff's

Motion to Proceed In Forma Pauperis (Dkt. No. 2) be denied, that Plaintiff's Complaint (Dkt.

No. 1) be dismissed with prejudice, and that the Clerk of the Court be directed to close the

file.  See Report at 5.  Plaintiff has failed to file objections to the Report, and the time for

doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific

objections to findings of fact are filed, the district court is not required to conduct a de novo

review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993);

see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[1] Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 5) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. No. 2) is **DENIED**.

3. This case is **DISMISSED without prejudice** on the basis of frivolity.

4. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers, this 6th day of November, 2012.

**MARCIA MORALES HOWARD**
United States District Judge

---

[1] While the Court is of the view that ordinarily it is a better practice to give a pro se Plaintiff an opportunity to file an amended complaint before dismissing an action, under the circumstances of this case, the Court agrees that dismissal is appropriate. Indeed, Plaintiff's allegations are "fantastical and implausible." Qamar v. CIA, 2012 WL 3964470, at *2 (11th Cir. September 11, 2012). A court may "dismiss a complaint as frivolous when the facts alleged 'rise to the level of the irrational or wholly incredible' or lack an 'arguable basis either in law or in fact.'" Id. (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)) (internal quotations and addition citation omitted).

ja

Copies to:

The Honorable Philip R. Lammens
United States Magistrate Judge

Counsel of Record

Pro Se Party